**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DATAQUILL LIMITED** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:13-cv-633** |
| | § | |
| **HUAWEI TECHNOLOGIES CO., LTD.,** | § | |
| **HUAWEI DEVICE CO., LTD., HUAWEI** | § | |
| **TECHNOLOGIES USA, INC., HUAWEI** | § | |
| **DEVICE USA, INC., AND FUTUREWEI** | § | **JURY TRIAL REQUESTED** |
| **TECHNOLOGIES, INC.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff DataQuill Limited files this Original Complaint for patent infringement against Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Technologies USA, Inc., Huawei Device USA, Inc., and Futurewei Technologies, Inc. (collectively, "Huawei").

## PARTIES

1.     Plaintiff DataQuill Limited ("DataQuill") is a limited company organized under the laws of the British Virgin Islands.

2.     On information and belief, Defendant Huawei Technologies Co., Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with its principal place of business at Huawei Industrial Base, Bantian, Longgang, Shenzhen,

Guangdong Province, People's Republic of China.   On information and belief, Huawei Technologies Co., Ltd. can be served with process at that address.

3.      On information and belief, Defendant Huawei Device Co., Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with its principal place of business at Bantian, Longgang District, Shenzhen 51829, People's Republic of China. On information and belief, Huawei Device Co., Ltd. can be served with process at that address.

4.      On information and belief, Defendant Huawei Technologies USA, Inc. is a corporation duly organized and existing under the laws of Texas, with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024.  Huawei Technologies USA, Inc. may be served with process in Texas through its registered agent, C T Corporation System, at 350 North St. Paul St., Suite 2900, Dallas, TX 75201.

5.      On information and belief, Defendant Huawei Device USA, Inc. is a corporation duly organized and existing under the laws of Texas, with its principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, TX 75024.  Huawei Device USA, Inc. may be served with process in Texas through its registered agent, C T Corporation System, at 350 North St. Paul St., Suite 2900, Dallas, TX 75201.

6.      On information and belief, Defendant Futurewei Technologies, Inc. is a corporation duly organized and existing under the laws of Texas, with places of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024, and in Santa Clara, CA.   Futurewei Technologies, Inc. may be served with process in Texas through its registered agent, C T Corporation System, at 350 North St. Paul St., Suite 2900, Dallas, TX 75201.

## JURISDICTION AND VENUE

7.      This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Huawei.  Huawei regularly sells (either directly or indirectly) products and services into this judicial district.  Additionally, Huawei's United States headquarters are located in this judicial district.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this district, Huawei has a regular and established practice of business in this district, and Huawei has committed acts of infringement in this district.

## DATAQUILL & THE ASSERTED PATENTS

11.     Over the past twelve years, DataQuill has sought to protect its invention through a licensing program (which has on several occasions required litigation).  Many of the largest high-tech companies, including HTC, Nokia, Motorola, LG, Samsung, Palm, and Hewlett-Packard, have purchased a license to DataQuill's patent portfolio.  To date, DataQuill has obtained over $75 million in licensing revenue.

12.     The value of DataQuill's asserted patents is further demonstrated by DataQuill's repeated success against validity challenges.  Three of the asserted patents have been through reexaminations at the United States Patent & Trademark Office where hundreds of references have been considered.  In prior litigations, several of the asserted patents withstood heavy scrutiny, including motions for summary judgment of anticipation, obviousness, inequitable

conduct, lack of enablement, and lack of an adequate written description—all of which were resolved in DataQuill's favor.  The following is a list of DataQuill's previous litigation, all of which concluded with the defendant taking a license to DataQuill's portfolio:

- *DataQuill Ltd. v. Handspring Inc.*, No. 1:01-cv-04635 (N.D. Ill.) (June 19, 2001 – October 4, 2005)

- *DataQuill Limited v. Kyocera Wireless*, No. 3:01-cv-02302 (S.D. Cal.) (December 14, 2001 – April 25, 2006)

- *DataQuill Limited v. Novatel Wireless Inc.*, No. 3:03-cv-02066 (S.D. Cal. (October 16, 2003 – July 1, 2004)

- *Research In Motion Limited v. DataQuill BVI, Ltd.*, No. 3:06-cv-00973 (N.D. Tex.) (March 31, 2006 – December 3, 2008)

- *DataQuill Limited v. Nokia Corp.*, No. 3:07-cv-01055 (S.D. Cal.) (June 8, 2007 – April 9, 2008)

- *DataQuill Limited v. High Tech Computer Corp.*, No. 3:08-cv-00543 (S.D. Cal.) (March 25, 2008 – September 21, 2012)

13.    Prior to filing this lawsuit, DataQuill diligently attempted to resolve its claims against Huawei without litigation.  Beginning in December 2009, DataQuill has on several occasions informed Huawei that it is infringing DataQuill's patents and requested that it consider purchasing a license.  For example:

- On December 28, 2009, DataQuill sent Huawei a letter in which it notified Huawei that it was infringing U.S. Patent Nos. 6,058,304, 7,139,591, and 7,505,785.  This letter also included a copy of a published patent application owned by DataQuill.  In this letter, DataQuill informed Huawei that DataQuill had entered into license

4

agreements with other major manufacturers of mobile phones and requested that Huawei consider purchasing a license to DataQuill's portfolio.

- On August 2, 2010, DataQuill sent a second letter to Huawei.  In this letter, DataQuill included copies of the Reexamination Certificates for U.S. Patent Nos. 6,058,304 and 7,139,591.  This letter reiterated DataQuill's request that Huawei consider taking a license.

14.    Notwithstanding DataQuill's concerted efforts to resolve its claims against Huawei without litigation—and despite DataQuill's extensive and successful history of licensing its portfolio to major players in the smartphone industry—Huawei has declined to enter into a license agreement with DataQuill.

## HUAWEI'S SMARTPHONES

15.    Huawei makes, uses, offers for sale, sells, and imports into the United States smartphones that enable users to browse and download items such as apps, games, ringtones, music, videos, books, and magazines.  These devices include but are not limited to the following: T-Mobile Prism II (U8686), Huawei Premia 4G (HWM931), Huawei Ascend Y (M866), AT&T Fusion 2 (U8665), T-Mobile myTouch (U8680), T-Mobile myTouch Q (U8730), Huawei Ascend Q (M5660), Huawei Activa 4G (M920), T-Mobile Prism (U8651T), Huawei Mercury aka Huawei Ice, Honor (M886/U8860), Huawei Ascend II (M865), AT&T Fusion (U8652), AT&T Impulse (U8800), Huawei Ideos (M835), Huawei M835 Tokidoki Edition (M835SE), Sprint Express (M650), T-Mobile Comet (U8150), Huawei Ascend (M860), Huawei M750 (M750), T-Mobile Tap (U7519), Huawei G6608 (G6608), Huawei Ideos X5 (U8800-51), Huawei Vision (U8850) (collectively, "Huawei Smartphones").

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,058,304

16.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

17.     On May 2, 2000, the United States Patent & Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,058,304 ("the '304 Patent"), entitled "Data Entry System" to DataQuill Limited.   On April 13, 2010, the USPTO issued an Ex Parte Reexamination Certificate for the '304 Patent.  DataQuill owns the '304 Patent and holds the right to sue and recover damages for infringement thereof.

18.     Huawei has been and now is directly infringing the '304 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing Huawei Smartphones that infringe one or more claims of the '304 Patent.  Huawei is thus liable for infringement of the '304 Patent under 35 U.S.C. § 271(a).

19.     Huawei has had knowledge of the '304 Patent and Huawei's infringement thereof since no later than December 28, 2009.  On that date, DataQuill sent Huawei a letter informing Huawei that it was infringing the '304 Patent.  On August 2, 2010, DataQuill sent Huawei a similar letter that also included the '304 Patent's Ex Parte Reexamination Certificate.

20.     With knowledge of the '304 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged its retailers to directly infringe the '304 Patent by offering to sell and selling these devices to end user consumers.  Huawei knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '304 Patent under 35 U.S.C. § 271(b).

21.     With knowledge of the '304 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged end users to directly infringe the '304 Patent by using these devices.  Huawei has marketed,

promoted, and instructed users to use these devices in an infringing manner.  This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download apps, games, music, videos, books, magazines, and/or ringtones. Huawei knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '304 Patent under 35 U.S.C. § 271(b).

22.     As a result of its infringement of the '304 Patent, Huawei has damaged DataQuill. Huawei is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

23.     Because Huawei knew of the '304 Patent and its infringement thereof (as detailed above), Huawei's infringement of the '304 Patent is therefore willful and deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,139,591

24.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

25.     On November 21, 2006 the USPTO duly and legally issued United States Patent No. 7,139,591 ("the '591 Patent"), entitled "Hand Held Telecommunications And Data Entry Device" to DataQuill Limited.   On October 29, 2009, the USPTO issued an Ex Parte Reexamination Certificate for the '591 Patent.  The '591 Patent claims priority to and is entitled to the filing date of the '304 Patent.  DataQuill owns the '591 Patent and holds the right to sue and recover damages for infringement thereof.

26.     Huawei has been and now is directly infringing the '591 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering

for sale, selling, and/or importing Huawei Smartphones that infringe one or more claims of the '591 Patent.  Huawei is thus liable for infringement of the '591 Patent under 35 U.S.C. § 271(a).

27.     Huawei has had knowledge of the '591 Patent and Huawei's infringement thereof since no later than December 28, 2009.  On that date, DataQuill sent Huawei a letter informing Huawei that it was infringing the '591 Patent.  On August 2, 2010, DataQuill sent Huawei a similar letter that also included the '591 Patent's Ex Parte Reexamination Certificate.

28.     With knowledge of the '591 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged its retailers to directly infringe the '591 Patent by offering to sell and selling these devices to end user consumers.  Huawei knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '591 Patent under 35 U.S.C. § 271(b).

29.     With knowledge of the '591 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged end users to directly infringe the '591 Patent by using these devices.  Huawei has marketed, promoted, and instructed users to use these devices in an infringing manner.  This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download apps, games, music, videos, books, magazines, and/or ringtones. Huawei knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '591 Patent under 35 U.S.C. § 271(b).

30.     As a result of its infringement of the '591 Patent, Huawei has damaged DataQuill. Huawei is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

31.     Because Huawei knew of the '591 Patent and its infringement thereof (as detailed above), Huawei's infringement of the '591 Patent is therefore willful and deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,505,785

32.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

33.     On March 17, 2009, the USPTO duly and legally issued United States Patent No. 7,505,785 ("the '785 Patent"), entitled "Data Entry Systems" to DataQuill Limited.  On May 10, 2011, the USPTO issued an Ex Parte Reexamination Certificate for the '785 Patent.  The '785 Patent claims priority to and is entitled to the filing date of the '304 Patent.  DataQuill owns the '785 Patent and holds the right to sue and recover damages for infringement thereof.

34.     Huawei has been and now is directly infringing the '785 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing Huawei Smartphones that infringe one or more claims of the '785 Patent.  Huawei is thus liable for infringement of the '785 Patent under 35 U.S.C. § 271(a).

35.     Huawei has had knowledge of the '785 Patent and Huawei's infringement thereof since no later than December 28, 2009.  On that date, DataQuill sent Huawei a letter informing Huawei that it was infringing the '785 Patent.  DataQuill sent Huawei a similar letter on August 2, 2010.

36.     With knowledge of the '785 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged its retailers to directly infringe the '785 Patent by offering to sell and selling these devices to end

user consumers.  Huawei knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '785 Patent under 35 U.S.C. § 271(b).

37.     With knowledge of the '785 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged end users to directly infringe the '785 Patent by using these devices.  Huawei has marketed, promoted, and instructed users to use these devices in an infringing manner.  This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download apps, games, music, videos, books, magazines, and/or ringtones. Huawei knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '785 Patent under 35 U.S.C. § 271(b).

38.     As a result of its infringement of the '785 Patent, Huawei has damaged DataQuill. Huawei is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

39.     Because Huawei knew of the '785 Patent and its infringement thereof (as detailed above), Huawei's infringement of the '785 Patent is therefore willful and deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,920,898

40.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

41.     On April 5, 2011, the USPTO duly and legally issued United States Patent No. 7,920,898 ("the '898 Patent"), entitled "Data Entry Systems" to DataQuill Limited.  The '898 Patent claims priority to and is entitled to the filing date of the '304 Patent.  DataQuill owns the '898 Patent and holds the right to sue and recover damages for infringement thereof.

42.     Huawei has been and now is directly infringing the '898 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing Huawei Smartphones that infringe one or more claims of the '898 Patent.  Huawei is thus liable for infringement of the '898 Patent pursuant to 35 U.S.C. § 271(a).

43.     On December 28, 2009, DataQuill provided Huawei with a copy of the published patent application that issued as the '898 Patent.  DataQuill is thus also entitled to a reasonable royalty for Huawei's making, using, offering for sale, selling, and importing into the United States the invention claimed in the published patent applications and substantially identical inventions claimed in the '898 Patent under 35 U.S.C. § 154(d).

44.     Huawei has had knowledge of the '898 Patent and Huawei's infringement thereof since no later than December 28, 2009.  On that date, DataQuill provided Huawei with a copy of the published patent application that resulted in the '898 Patent.

45.     With knowledge of the '898 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged its retailers to directly infringe the '898 Patent by offering to sell and selling these devices to end user consumers.  Huawei knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '898 Patent under 35 U.S.C. § 271(b).

46.     With knowledge of the '898 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged end users to directly infringe the '898 Patent by using these devices.  Huawei has marketed, promoted, and instructed users to use these devices in an infringing manner.  This marketing, promotion, and instruction has specifically included instructions to use the device's functionality

to download apps, games, music, videos, books, magazines, and/or ringtones. Huawei knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '898 Patent under 35 U.S.C. § 271(b).

47.     As a result of its infringement of the '898 Patent, Huawei has damaged DataQuill. Huawei is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

48.     Because Huaswei knew of the '898 Patent and its infringement thereof (as detailed above), Huawei's infringement of the '898 Patent is therefore willful and deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,290,538

49.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

50.     On October 16, 2012, the USPTO duly and legally issued United States Patent No. 8,290,538 ("the '538 Patent"), entitled "Data Entry Systems" to DataQuill Limited.  The '538 Patent claims priority to and is entitled to the filing date of the '304 Patent.  DataQuill owns the '538 Patent and holds the right to sue and recover damages for infringement thereof.

51.     Huawei has been and now is directly infringing the '538 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing Huawei Smartphones that infringe one or more claims of the '538 Patent.  Huawei is thus liable for infringement of the '538 Patent pursuant to 35 U.S.C. § 271(a).

52.     On information and belief, Huawei has had knowledge of the '538 Patent and Huawei's infringement thereof since no later than its issuance on October 16, 2012.  As

described in the preceding paragraphs, correspondence between DataQuill and Huawei demonstrates that Huawei was familiar with DataQuill's patent portfolio.  At a minimum, Huawei has had knowledge of the '538 Patent and its infringement thereof since no later than the filing of this lawsuit.

53.     With knowledge of the '538 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged its retailers to directly infringe the '538 Patent by offering to sell and selling these devices to end user consumers.  Huawei knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '538 Patent under 35 U.S.C. § 271(b).

54.     With knowledge of the '538 Patent and knowledge of the infringing nature of Huawei Smartphones (or, at a minimum, willful blindness thereto), Huawei has encouraged end users to directly infringe the '538 Patent by using these devices.   Huawei has marketed, promoted, and instructed users to use these devices in an infringing manner.  This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download apps, games, music, videos, books, magazines, and/or ringtones. Huawei knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '538 Patent under 35 U.S.C. § 271(b).

55.     As a result of its infringement of the '538 Patent, Huawei has damaged DataQuill. Huawei is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

56.     On information and belief, Huawei knew of the '538 Patent and its infringement thereof (as detailed above), and Huawei's infringement of the '538 Patent is therefore willful and

deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DataQuill prays for the following relief:

57.     A judgment in favor of DataQuill that Huawei has infringed the '304, '591, '785, '898, and '538 Patents;

58.     A judgment in favor of DataQuill that Huawei's infringement of the '304, '591, '785, '898, and '538 Patents was willful and that DataQuill is therefore is entitled to treble damages and attorney fees under 35 U.S.C. § 284 and 35 U.S.C. § 285;

59.     A judgment and order requiring Huawei to pay DataQuill damage for its infringement of the '304, '591, '785, '898, and '538  Patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284 and 35 U.S.C. § 285;

60.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DataQuill its reasonable attorney's fees; and

61.     Such other and further relief in law or in equity to which DataQuill may be justly entitled.

## DEMAND FOR JURY TRIAL

62. Plaintiff demands a trial by jury of any and all issues triable of right before a jury.


Dated: August 16, 2013                    Respectfully submitted,


                                          *Parker C. Folse, III (by permission Leslie V. Payne)*
                                          Parker C. Folse, III (LEAD COUNSEL)
                                          Washington State Bar No. 24895
                                          pfolse@susmangodfrey.com
                                          **SUSMAN GODFREY LLP**

1201 Third Avenue, Suite 3800
Seattle, Washington  98101
Telephone:      (206) 516-3880
Facsimile:      (206) 516-3883

Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:      (713) 651-9366
Facsimile:      (713) 654-6666

Leslie V. Payne
Texas Bar No. 00784736
lpayne@hpcllp.com
Michael F. Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Nathan J. Davis
Texas Bar No. 24065122
ndavis@hpcllp.com
Robert Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Douglas R. Wilson
Texas Bar No. 24037719
dwilson@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
9442 Capital of Texas Hwy North
Plaza 1, Suite 500-146
Austin, TX 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

S. Calvin Capshaw, III
Texas Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux

15

Texas Bar No. 05770585
ederieux@capshawlaw.com
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

T. John Ward, Jr.
State Bar No. 00794818
jw@wsfirm.com
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DATAQUILL LIMITED**