IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATAQUILL LIMITED | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:13-cv-633 |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| HUAWEI TECHNOLOGIES CO., LTD., | § | |
| HUAWEI DEVICE CO., LTD., HUAWEI | § | LEAD CASE |
| TECHNOLOGIES USA, INC., HUAWEI | § | |
| DEVICE USA, INC., AND FUTUREWEI | § | |
| TECHNOLOGIES, INC. | § | |
| | § | |
| Defendant. | § | |

## HUAWEI DEVICE CO., LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Huawei Device Co., Ltd. (hereinafter "Huawei Device Co.") submits this Answer in response to the Original Complaint for patent infringement ("Complaint") filed by Plaintiff DataQuill Limited ("DataQuill"). Each of the paragraphs below corresponds to the same numbered paragraph in the Complaint. Huawei Device Co. denies all allegations in the Complaint to the extent they are not specifically admitted below.

### PARTIES

1.   Huawei Device Co. is without knowledge or information sufficient to form a belief as to the averments of Paragraph 1 of the Complaint and therefore denies the same.

2.   Huawei Device Co. admits that Huawei Technologies Co., Ltd. is a Chinese company with its principal place of business at Bantian, Longgang District, Shenzhen 518129, People's Republic of China.  Huawei Device Co. denies the remaining averments set forth in Paragraph 2 of the Complaint.

3. Huawei Device Co. admits that Huawei Device Co., Ltd. is a Chinese company with its principal place of business at Bantian, Longgang District, Shenzhen 518129, People's Republic of China. Huawei Device Co. denies the remaining averments set forth in Paragraph 3 of the Complaint.

4. Huawei Device Co. states that Huawei Technologies USA, Inc. is a Texas corporation with a principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024, and Huawei Technologies USA, Inc.'s registered agent for service of process is CT Corporation System, 350 N. Saint Paul St. Suite 2900, Dallas, Texas 75201. Huawei Device Co. further states that Huawei Technologies USA does not have, and has not ever had, any information related to the accused devices. Huawei Device Co. denies the remaining averments set forth in Paragraph 4 of the Complaint.

5. Huawei Device Co. admits that Huawei Device USA, Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024, and Huawei Device USA, Inc.'s registered agent for service of process is CT Corporation System, 350 N. Saint Paul St. Suite 2900, Dallas, Texas 75201. Huawei Device Co. denies the remaining averments set forth in Paragraph 5 of the Complaint.

6. Huawei Device Co. admits that Futurewei Technologies, Inc. ("Futurewei") is a Texas corporation with its principal place of business at 2330 Central Expressway, Santa Clara, CA 95050, and Futurewei's registered agent for service of process is CT Corporation System, 350 N. Saint Paul St. Suite 2900, Dallas, Texas 75201. Huawei Device Co. denies the remaining averments set forth in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. Huawei Device Co. admits that this action purports to arise under the patent laws of the United States, Title 35, U.S.C. § 271.

8. Huawei Device Co. admits that this Court has jurisdiction over patent infringement actions under 28 U.S.C. §§ 1331 and 1338(a).

9. Huawei Device Co. does not challenge that this Court has personal jurisdiction over Huawei Device Co. in this action. Huawei Device Co. denies all remaining averments of Paragraph 9 of the Complaint.

10. For the purpose of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, Huawei Device Co. does not contest that venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b); however, Huawei Device Co. denies that this district is the most appropriate or convenient forum to exercise jurisdiction over this case. Huawei Device Co. denies that it has committed the acts of infringement alleged by DataQuill in this district. Huawei Device Co. denies all remaining averments of Paragraph 10 of the Complaint.

## DATAQUILL & THE ASSERTED PATENTS

11. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the averments of Paragraph 11 of the Complaint and therefore denies the same.

12. Huawei Device Co. admits that three of the asserted patents have been subject to reexamination by the United States Patent & Trademark Office. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 12 of the Complaint and therefore denies the same.

13. Huawei Device Co. admits that on or about December 28, 2009, Huawei Technologies Co., Ltd. received a letter from the Competition Law Group alleging infringement

of U.S. Patent Nos. 6,058,304, 7,139,591, and 7,505,785 and suggesting that a license to these patents would be beneficial. Huawei Device Co. admits that the letter included what purported to be a copy of a published patent application assigned to DataQuill. Huawei Device Co. further admits that on or about August 2, 2010, Futurewei Technologies, Inc. received a letter from the Competition Law Group reiterating that a license would be beneficial and including what purported to be a copy of the reexamination certificates for U.S. Patent Nos. 6,058,304 and 7,139,591. Huawei Device Co. affirmatively states that it does not infringe any of DataQuill's patents and that those patents are invalid. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 13 of the Complaint and therefore denies the same.

14.    Huawei Device Co. admits that it has not entered a license agreement with DataQuill. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 14 of the Complaint and therefore denies the same.

## HUAWEI'S SMARTPHONES

15.    Huawei Device Co. denies that it makes, uses, offers for sale, sells, or imports any Huawei Smartphones in the United States.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,058,304

16.    Huawei Device Co. incorporates by reference the foregoing responses to Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17.    Huawei Device Co. admits that, on its face, U.S. Patent No. 6,058,304 (the '304 patent) is entitled "Data Entry System." Huawei Device Co. admits that the '304 patent lists DataQuill Limited as the assignee. Huawei Device Co. is without sufficient knowledge or

information to form a belief as to whether DataQuill Limited actually is the assignee, owner, or exclusive licensee of the '304 patent and therefore denies the same. Huawei Device Co. further admits that, on its face, the Ex Parte Reexamination Certificate for the '304 patent has an issue date of April 13, 2010. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 17 of the Complaint and therefore denies the same.

18.   Huawei Device Co. denies in their entirety the averments of Paragraph 18 of the Complaint.

19.   Huawei Device Co. admits that in or around December 2009 the Competition Law Group provided materials to Huawei Technologies Co., Ltd. related to the '304 patent. Huawei Device Co. further admits that in or around August 2010 the Competition Law Group provided materials to Futurewei Technologies, Inc. relating to a purported reexamination certificate for the '304 patent. Huawei Device Co. denies the remaining averments of Paragraph 19 of the Complaint.

20.   Huawei Device Co. denies in their entirety the averments of Paragraph 20 of the Complaint.

21.   Huawei Device Co. denies in their entirety the averments of Paragraph 21 of the Complaint.

22.   Huawei Device Co. denies in their entirety the averments of Paragraph 22 of the Complaint.

23.   Huawei Device Co. denies in their entirety the averments of Paragraph 23 of the Complaint.

## COUNT II

## **INFRINGEMENT OF U.S. PATENT NO. 7,139,591**

24.  Huawei Device Co. incorporates by reference the foregoing responses to Paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25.  Huawei Device Co. admits that, on its face, U.S. Patent No. 7,139,591 (the '591 patent) is titled "Hand Held Telecommunications And Data Entry Device." Huawei Device Co. admits that the '591 patent lists DataQuill Limited as the assignee. Huawei Device Co. is without sufficient knowledge or information to form a belief as to whether DataQuill Limited actually is the assignee, owner, or exclusive licensee of the '591 patent and therefore denies the same. Huawei Device Co. further admits that, on its face, the Ex Parte Reexamination Certificate for the '591 patent has an issue date of October 27, 2009. Huawei Device Co. also admits that the '591 patent purports to be a continuation of an abandoned application, which is a continuation of a patent application that issued as the '304 patent. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 25 of the Complaint and therefore denies the same.

26.  Huawei Device Co. denies in their entirety the averments of Paragraph 26 of the Complaint.

27.  Huawei Device Co. admits that in or around December 2009 the Competition Law Group provided materials to Huawei Technologies Co., Ltd. related to the '591 patent. Huawei Device Co. further admits that in or around August 2010 the Competition Law Group provided materials to Futurewei Technologies, Inc. relating to a purported reexamination certificate for the '591 patent. Huawei Device Co. denies the remaining averments of Paragraph 27 of the Complaint.

28. Huawei Device Co. denies in their entirety the averments of Paragraph 28 of the Complaint.

29. Huawei Device Co. denies in their entirety the averments of Paragraph 29 of the Complaint.

30. Huawei Device Co. denies in their entirety the averments of Paragraph 30 of the Complaint.

31. Huawei Device Co. denies in their entirety the averments of Paragraph 31 of the Complaint.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,505,785

32. Huawei Device Co. incorporates by reference the foregoing responses to Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Huawei Device Co. admits that, on its face, U.S. Patent No. 7,505,785 (the '785 patent) is entitled "Data Entry Systems." Huawei Device Co. admits that the '785 patent lists DataQuill Limited as the assignee. Huawei Device Co. is without sufficient knowledge or information to form a belief as to whether DataQuill Limited actually is the assignee, owner, or exclusive licensee of the '785 patent and therefore denies the same.  Huawei Device Co. further admits that, on its face, the Ex Parte Reexamination Certificate for the '785 patent has an issue date of May 10, 2011. Huawei Device Co. also admits that the '785 patent purports to be a continuation of a patent application that issued as the '591 patent which is a continuation of an abandoned application, which is a continuation of a patent application that issued as the '304 patent. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 33 of the Complaint and therefore denies the same.

34. Huawei Device Co. denies in their entirety the averments of Paragraph 34 of the Complaint.

35. Huawei Device Co. admits that in or around December 2009 the Competition Law Group provided materials to Huawei Technologies Co., Ltd. related to the '785 patent. Huawei Device Co. further admits that in or around August 2010 the Competition Law Group provided another letter to Futurewei Technologies, Inc. relating to the '785 patent. Huawei Device Co. denies the remaining averments of Paragraph 35 of the Complaint.

36. Huawei Device Co. denies in their entirety the averments of Paragraph 36 of the Complaint.

37. Huawei Device Co. denies in their entirety the averments of Paragraph 37 of the Complaint.

38. Huawei Device Co. denies in their entirety the averments of Paragraph 38 of the Complaint.

39. Huawei Device Co. denies in their entirety the averments of Paragraph 39 of the Complaint.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 7,920,898**

40. Huawei Device Co. incorporates by reference the foregoing responses to Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Huawei Device Co. admits that, on its face, U.S. Patent No. 7,920,898 (the '898 patent) is entitled "Data Entry Systems." Huawei Device Co. admits that the '898 patent lists DataQuill Limited as the assignee. Huawei Device Co. is without sufficient knowledge or information to form a belief as to whether DataQuill Limited actually is the assignee, owner, or

exclusive licensee of the '898 patent and therefore denies the same. Huawei Device Co. also admits that the '898 patent purports to be a continuation of a patent application that issued as the '785 patent, which is a continuation of a patent application that issued as the '591 patent which is a continuation of an abandoned application, which is a continuation of a patent application that issued as the '304 patent. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 41 of the Complaint and therefore denies the same.

42. Huawei Device Co. denies in their entirety the averments of Paragraph 42 of the Complaint.

43. Huawei Device Co. admits that in or around December 2009 the Competition Law Group provided Huawei Technologies Co., Ltd. with a purported copy of a published patent application that issued as the '898 patent. Huawei Device Co. denies the remaining averments of Paragraph 43 of the Complaint.

44. Huawei Device Co. admits that in or around December 2009 the Competition Law Group provided Huawei Technologies Co., Ltd. with a purported copy of a published patent application that issued as the '898 patent. Huawei Device Co. denies the remaining averments of Paragraph 44 of the Complaint.

45. Huawei Device Co. denies in their entirety the averments of Paragraph 45 of the Complaint.

46. Huawei Device Co. denies in their entirety the averments of Paragraph 46 of the Complaint.

47. Huawei Device Co. denies in their entirety the averments of Paragraph 47 of the Complaint.

48. Huawei Device Co. denies in their entirety the averments of Paragraph 48 of the Complaint.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,290,538

49. Huawei Device Co. incorporates by reference the foregoing responses to Paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. Huawei Device Co. admits that, on its face, U.S. Patent No. 8,290,538 (the '538 patent) is entitled "Data Entry Systems." Huawei Device Co. admits that the '538 patent lists DataQuill Limited as the assignee. Huawei Device Co. is without sufficient knowledge or information to form a belief as to whether DataQuill Limited actually is the assignee, owner, or exclusive licensee of the '538 patent and therefore denies the same. Huawei Device Co. also admits that the '538 patent purports to be a continuation of a patent application that issued as the '898 patent, which is a continuation of a patent application that issued as the '591 patent, which is a continuation of an abandoned application, which is a continuation of a patent application that issued as the '304 patent. Huawei Device Co. is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 50 of the Complaint and therefore denies the same.

51. Huawei Device Co. denies in their entirety the averments of Paragraph 51 of the Complaint.

52. Huawei Device Co. admits that the '538 patent has an issue date of October 16, 2012. Huawei Device Co. admits that with the filing of this lawsuit, DataQuill has alleged that certain smartphones infringe the '538 patent. Huawei Device Co. first learned of the '538 Patent by the filing of this lawsuit. Huawei Device Co. denies the remaining averments of Paragraph 52.

53. Huawei Device Co. denies in their entirety the averments of Paragraph 53 of the Complaint.

54. Huawei Device Co. denies in their entirety the averments of Paragraph 54 of the Complaint.

55. Huawei Device Co. denies in their entirety the averments of Paragraph 55 of the Complaint.

56. Huawei Device Co. denies in their entirety the averments of Paragraph 56 of the Complaint.

## RESPONSE TO DATAQUILL'S PRAYER FOR RELIEF

Huawei Device Co. denies that it infringes or has infringed (willfully or otherwise) any valid claim of the '304, '591, '785, '898, and '538 patents ("patents-in-suit"). Huawei Device Co. further denies that DataQuill is entitled to any of the relief requested in Paragraphs 57-61 of the Complaint.

## GENERAL DENIAL

Huawei Device Co. denies each and every allegation contained in the Complaint to which Huawei Device Co. has not explicitly responded or which Huawei Device Co. has not expressly admitted.

## AFFIRMATIVE DEFENSES

57. Huawei Device Co. asserts the following defenses listed below. Huawei Device Co. reserves the right to add additional defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

First Defense
(Non-infringement)

58. Huawei Device Co. does not and has not infringed, contributed to the infringement of, or induced infringement of one or more claims of the patents-in-suit. Further, to the extent DataQuill asserts that Huawei Device Co. indirectly infringes, either by contributory infringement or inducement of infringement, Huawei Device Co. is not liable to DataQuill for the acts alleged to have been performed before Huawei Device Co. allegedly knew that its actions would cause indirect infringement of the patents-in-suit.

Second Defense
(Invalidity)

59. The claims of the patents-in-suit are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

Third Defense
(Intervening Rights)

60. During the reexamination of the '304 patent, DataQuill substantially amended or cancelled each of the original independent claims of the '304 patent, and the claims set forth in the Reexamination Certificate are not substantially identical to the original claims. As a result, pursuant to 35 U.S.C. §§ 307 and 252, Huawei Device Co. is entitled to absolute intervening rights with respect to specific things made, purchased, offered for sale, sold, used, imported into, or exported from the United States prior to the issuance of the Reexamination Certificate on April 13, 2010.

61. Prior to the issuance of the Reexamination Certificate on April 13, 2010, Huawei Device Co. made substantial preparations with regard to at least the smartphones accused of infringement in the Complaint. As a result, pursuant to 35 U.S.C. §§ 307 and 252, Huawei Device Co. is entitled to equitable intervening rights with respect to the '304 patent.

62. During the reexamination of the '591 patent, DataQuill substantially amended or cancelled each of the original independent claims of the '591 patent, and the claims set forth in the Reexamination Certificate are not substantially identical to the original claims. As a result, pursuant to 35 U.S.C. §§ 307 and 252, Huawei Device Co. is entitled to absolute intervening rights with respect to specific things made, purchased, offered for sale, sold, used, imported into, or exported from the United States prior to the issuance of the Reexamination Certificate on October 27, 2009.

63. Prior to the issuance of the Reexamination Certificate on October 27, 2009, Huawei Device Co. made substantial preparations with regard to at least the smartphones accused of infringement in the Complaint. As a result, pursuant to 35 U.S.C. §§ 307 and 252, Huawei Device Co. is entitled to equitable intervening rights with respect to the '591 patent.

64. During the reexamination of the '785 patent, DataQuill substantially amended or cancelled each of the original independent claims of the '785 patent, and the claims set forth in the Reexamination Certificate are not substantially identical to the original claims. As a result, pursuant to 35 U.S.C. §§ 307 and 252, Huawei Device Co. is entitled to absolute intervening rights with respect to specific things made, purchased, offered for sale, sold, used, imported into, or exported from the United States prior to the issuance of the Reexamination Certificate on May 10, 2011, as to the claims amended during reexamination of the '785 patent.

65. Prior to the issuance of the Reexamination Certificate on May 10, 2011, Huawei Device Co. made substantial preparations with regard to at least the smartphones accused of infringement in the Complaint. As a result, pursuant to 35 U.S.C. §§ 307 and 252, Huawei Device Co. is entitled to equitable intervening rights with respect to the claims amended during reexamination of the '785 patent.

Fourth Defense
(Laches & Estoppel)

66.     On information and belief, DataQuill's claims against Huawei Device Co. are barred in whole or in part by the doctrine of laches and/or equitable estoppel.

Fifth Defense
(Failure to Mark)

67.     On information and belief, some or all of DataQuill's damages, if any, are limited by its failure to comply with the requirements of 35 U.S.C. § 287.

Sixth Defense
(Prosecution History Estoppel, Prosecution Disclaimer, Prosecution Laches)

68.     On information and belief, DataQuill's claims are barred by the doctrines of prosecution history estoppel, prosecution disclaimer, and prosecution laches.

Seventh Defense

69.     Huawei Device Co. provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this pleading and to assert such additional defenses or, if appropriate, delete any of the above-delineated defenses as discovery proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Huawei Device Co. respectfully requests that the Court find and declare as follows:

A.      That DataQuill take nothing by its Original Complaint for patent infringement and that the Original Complaint for patent infringement be dismissed with prejudice;

B.      That Huawei Device Co. has not infringed, and is not infringing, any valid and enforceable claim of the '304 patent;

C.      That the claims of the '304 patent are invalid;

D. That Huawei Device Co. is entitled to absolute and equitable intervening rights to the '304 patent;

E. That Huawei Device Co. has not infringed, and is not infringing, any valid and enforceable claim of the '591 patent;

F. That the claims of the '591 patent are invalid;

G. That Huawei Device Co. is entitled to absolute and equitable intervening rights to the '591 patent;

H. That Huawei Device Co. has not infringed, and is not infringing, any valid and enforceable claim of the '785 patent;

I. That the claims of the '785 patent are invalid;

J. That Huawei Device Co. is entitled to absolute and equitable intervening rights to the '785 patent;

K. That Huawei Device Co. has not infringed, and is not infringing, any valid and enforceable claim of the '898 patent;

L. That the claims of the '898 patent are invalid;

M. That Huawei Device Co. has not infringed, and is not infringing, any valid and enforceable claim of the '538 patent;

N. That the claims of the '538 patent are invalid;

O. That this is an exceptional case under 35 U.S.C. § 285 and that Huawei Device Co. be awarded all of its costs, expenses, and attorneys' fees, together with interest;

P. That Dataquill is not entitled to interest, costs, disbursements or any other relief under 35 U.S.C. § 284 or § 285; and

Q. That Huawei Device Co. be granted such other additional relief as the Court deems just and proper.

Date: March 24, 2014

/s/ Scott F. Partridge
Scott F. Partridge
Lead Attorney
Texas Bar No. 00786940
scott.partridge@bakerbotts.com
Amanda Woodall
Texas Bar No. 24028139
amanda.woodall@bakerbotts.com
Lisa Catherine Kelly
Texas Bar No. 24041659
lisa.kelly@bakerbotts.com
Bradley Bowling
Texas Bar No. 24040555
bradley.bowling@bakerbotts.com
BAKER BOTTS L.L.P
One Shell Plaza, 910 Louisiana Street
Houston, Texas 77002
Tel.: (713) 229-1569
Fax: (713) 229-7769

ATTORNEYS FOR DEFENDANTS HUAWEI TECHNOLOGIES CO. LTD., HUAWEI DEVICE CO., LTD., HUAWEI TECHNOLOGIES USA, INC., HUAWEI DEVICE USA, INC. AND FUTUREWEI TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of March, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Bradley Bowling
Bradley Bowling