**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DATAQUILL LIMITED, | § § | 2:13-CV-00633-JRG-RSP |
| Plaintiff, | § § | LEAD CASE |
| v. | § § | |
| | § | |
| HUAWEI TECHNOLOGIES CO LTD ET AL. | § § | |
| ZTE CORPORATION ET AL. | § | 2:13-CV-634 |

## ORDER REGARDING MOTION IN LIMINES

Before the Court are Plaintiff's Motions in *Limine* (Dkt. No. 122) and Defendant's Motion in *Limine* (Dkt. No. 123), The Court hereby rules as follows on the motions:

**Plaintiff's Motions in *Limine* (Dkt. No. 122)**

1. Motion to preclude any references to privileged or protected material, including (a) questions intended to provoke a privileged or protected answer; (b) the nature of any fact witness's preparation for testimony with that witness's counsel; or (c) the nature of any retained expert's preparation for testimony with that party's counsel. This motion covers any material that is privileged, including questions justifying a privilege objection or referencing a privilege-log entry.

   **WITHDRAWN** by party agreement.

2. Motion to preclude any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding, the existence of prior claims or causes of action that have been dismissed, abandoned, or dropped by DataQuill, including the fact that such claims or causes of actions were previously asserted but have been dismissed, abandoned, or dropped.

   **WITHDRAWN** by party agreement.

3. Motion to preclude any testimony, statement, opinion, or argument suggesting that the PTO and its examiners lack expertise, are overworked, are not diligent, or are prone to error.

   **WITHDRAWN** by party agreement.

4. Motion to preclude any evidence, statement, or argument concerning any document that was not timely produced or disclosed during discovery.

   **WITHDRAWN** by party agreement.

5. Motion to preclude any reference or testimony to the fact or content of any motion, ruling, or order in this case or in any previous case involving DataQuill, including the parties' motions *in limine* and associated rulings, with the exception of the Court's Claim Construction Order, subject to any restrictions placed by the Court in that Order.

   **WITHDRAWN** by party agreement.

6. Motion to preclude any reference or testimony about the size of any law firm representing any party; other matters handled by the law firms or their lawyers; prior retentions of expert witnesses by the law firms or their lawyers; other clients of the law firms or their lawyers; any disciplinary action or investigation into the law firms or their lawyers; the

wealth of any law firm, their lawyers, or any expert witness retained by any party in this case; and fee agreements for legal services.

**GRANTED** except as to the issue of prior retention.

7. Motion to preclude any suggestion or reference by any party to the following defenses, or evidence intended to support said defenses, that ZTE originally pleaded, but which ZTE expressly dropped during the fact-discovery period: advice of counsel, intervening rights and equitable intervening rights, waiver, laches, estoppel, prosecution-history estoppel, prosecution disclaimer, prosecution laches, and failure to comply with the marking requirements of Section 287.

   **WITHDRAWN** by party agreement.

8. Motion to preclude any references to an enablement defense.

   **WITHDRAWN** by party agreement.

9. Motion to preclude any evidence, testimony, opinion, or argument that contradicts in any way the 30(b)(6) deposition testimony of ZTE.

   **GRANTED** as to discussions relating to non-infringing alternatives as set forth in this Court's Order on Plaintiff's Motion to Strike Portions of the Expert Reports of Dr. Alon Konchitsky and Dr. Jeffery Stec on June 11, 2015.

10. Motion to preclude any argument or testimony by Defendants attempting to establish non-infringement of the claims by referring to the prosecution or re-examination histories of any asserted patent.

    **GRANTED** by party agreement.

11. Motion to preclude any untimely or improper prior art not properly disclosed in Defendant's invalidity contentions.

    **GRANTED** as to the May 1993 prior art date for the Titus EO Application reference as set forth in this Court's Order on Plaintiff's Motion to Strike Portions of the Expert Reports of Dr. Alon Konchitsky and Dr. Jeffery Stec on June 11, 2015.

12. Motion to preclude any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony referring to how a damages award to DataQuill would be distributed by DataQuill to its owners and/or related entities.

**GRANTED** by party agreement as set forth in the parties' Joint Final Pretrial Order (Dkt. No. 131). This *limine* shall not preclude the parties from examining witnesses' financial interests in the outcome of this case.

13. Motion to preclude any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding the fact that testimony or opinions offered by Mr. Robert Mills or Dr. William Wecker may have been excluded or found to be unreliable in any other lawsuits.

    **WITHDRAWN** by party agreement.

14. Motion to preclude any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony comparing the accused devices to prior art. It would be improper for ZTE to argue that the accused products do not infringe merely because they practice the prior art.

    **WITHDRAWN** by party agreement.

15. Motion to preclude any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony comparing the accused devices to a preferred embodiment.

    **GRANTED** as set forth in this Court's Order on Plaintiff's Motion to Strike Portions of the Expert Reports of Dr. Alon Konchitsky and Dr. Jeffery Stec on June 11, 2015.

16. Motion to preclude any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony comparing the sample size of Dr. Wecker's survey to the total number of ZTE smartphone sales in the United States.

    **DENIED**.

17. Motion to preclude any reference to objections during the playing of deposition testimony.

    **GRANTED**.

18. Motion to preclude any claim that products or parties not accused of infringement in this case do not infringe the patents-in-suit.

    **GRANTED** by party agreement.

19. Motion to preclude any claim construction arguments in addition to or contradiction to the *Markman* Order.

- 5 -

**GRANTED** by party agreement.

**Defendant's Motions in *Limine* (Dkt. No. 123)**

1. Motion to preclude DataQuill from Raising Secondary Considerations as a basis for validity.

   **DENIED**. Defendant's request to exclude these licenses merely questions the sufficiency of evidence to rebut a conclusion of obviousness. The jury should be accorded the opportunity to weigh these factors against Defendant's invalidity claims in rendering a conclusion on obviousness. Moreover, any risk of juror confusion can be adequately addressed in the jury instructions by clearly setting forth the nexus requirement as it relates to commercial success as secondary indicia of non-obviousness.

2. Motion to preclude DataQuill from presenting ZTE's total revenue and profit.

   **WITHDRAWN** by party agreement.

   **SIGNED this 11th day of June, 2015.**

   _____
   ROY S. PAYNE
   UNITED STATES MAGISTRATE JUDGE